Slip Op. 20-47

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş, <br><br>　　　　Plaintiff, <br><br>and <br><br>ÇOLAKOĞLU METALURJI A.S. AND ÇOLAKOĞLU DIS TICARET A.S, <br><br>　　　　Consolidated Plaintiffs, <br><br>　　　　v. <br><br>UNITED STATES, <br><br>　　　　Defendant, <br><br>and <br><br>STEEL DYNAMICS, INC., ET AL., <br><br>　　　　Defendant-Intervenors. | Before: Mark A. Barnett, Judge <br> Consol. Court No. 16-00218 |

**OPINION**

[The U.S. Department of Commerce's third remand results are sustained.]

Dated: April 13, 2020

Matthew M. Nolan and Jessica R. DiPietro, Arent Fox LLP, of Washington, DC, for Consolidated Plaintiffs Çolakoğlu Metalurji A.S. and Çolakoğlu Dis Ticaret A.S.

Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With her on the brief were Joseph H. Hunt, Assistant Attorney General, and Jeanne E. Davidson, Director.  Of counsel on the brief was Brandon J. Custard, Senior Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Paul C. Rosenthal, R. Alan Luberda, David C. Smith, and Joshua R. Morey, Kelley Drye & Warren LLP, of Washington, DC, for Defendant-Intervenor ArcelorMittal USA LLC.

Daniel L. Schneiderman, King & Spalding, LLP, of Washington, DC, for Defendant-Intervenor AK Steel Corporation.

Alan H. Price and Christopher B. Weld, Wiley Rein LLP, of Washington, DC, for Defendant-Intervenor Nucor Corporation.

Roger B. Schagrin and Christopher T. Cloutier, Schagrin Associates, of Washington, DC, for Defendant-Intervenors Steel Dynamics, Inc. and SSAB Enterprises LLC.

Thomas M. Beline and Sarah E. Shulman, Cassidy Levy Kent (USA) LLP, of Washington, DC, for Defendant-Intervenor United States Steel Corporation.

　　　　Barnett, Judge: This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") redetermination upon third court-ordered remand. *See* Final Results of Redetermination Pursuant to Third Court Remand ("3rd Remand Results"), ECF No. 148-1. Plaintiff Ereğli Demir ve Çelik Fabrikalari T.A.Ş. ("Erdemir") and Consolidated Plaintiffs Çolakoğlu Metalurji A.S. and Çolakoğlu Dis Ticaret A.S. (together, "Çolakoğlu") each challenged aspects of Commerce's final determination in the sales at less than fair value investigation of certain hot-rolled steel flat products from the Republic of Turkey. *See Certain Hot-Rolled Steel Flat Products from the Republic of Turkey*, 81 Fed. Reg. 53,428 (Dep't Commerce Aug. 12, 2016) (final determination of sales at less than fair value; 2014–2015) ("*Final Determination*"), ECF No. 41-1, and accompanying Issues and Decision Mem., A-489-826 (Aug. 4, 2016), ECF No. 41-3, as amended by *Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, the Republic of Korea, the Netherlands, the Republic of Turkey, and the United Kingdom*, 81 Fed. Reg. 67,962 (Dep't Commerce Oct. 3, 2016) (am. final

Consol. Court No. 16-00218 Page 3

aff. antidumping determinations for Australia, the Republic of Korea, and the Republic of Turkey and antidumping duty orders), ECF No. 41-2.[1]  The court has issued three opinions resolving the substantive issues raised in this case; familiarity with those opinions is presumed.  See *Ereğli Demir ve Çelik Fabrikalari T.A.Ş v. United States* ("*Erdemir I*"), 42 CIT ___, 308 F. Supp. 3d 1297 (2018); *Ereğli Demir ve Çelik Fabrikalari T.A.Ş v. United States* ("*Erdemir II*"), 42 CIT ___, 357 F. Supp. 3d 1325 (2018); *Ereğli Demir ve Çelik Fabrikalari T.A.Ş v. United States* ("*Erdemir III*"), 43 CIT ___, 415 F. Supp. 3d 1216 (2019).

Briefly, *Erdemir I* remanded Commerce's *Final Determination* with respect to Erdemir's home market date of sale; denial of Çolakoğlu's duty drawback adjustment; and rejection of Çolakoğlu's corrections to its international freight expenses.  308 F. Supp. 3d at 1328.  The court sustained the *Final Determination* in all other respects.  *Id.* at 1329.  *Erdemir II* sustained Commerce's first redetermination with respect to the agency's further explanation of its rejection of Çolakoğlu's freight expense corrections and its decision to grant Çolakoğlu a duty drawback adjustment, but remanded Commerce's method of calculating the adjustment.  357 F. Supp. 3d at 1336.  Commerce's redetermination respecting Erdemir's home market date of sale was favorable to Erdemir and was not challenged.  *Id.* at 1328 n.4.  On remand pursuant to *Erdemir II*, Commerce revised its method of calculating Çolakoğlu's duty drawback

---

[1] The administrative record filed in connection with the 3rd Remand Results is divided into a Public Remand Record, ECF No. 149-1, and a Confidential Remand Record, ECF No. 149-2.  Çolakoğlu filed a joint appendix containing record documents filed in Parties' remand briefs.  J.A. to the 3rd Remand Redetermination, ECF No. 153.

adjustment in compliance with the court's opinion but made a circumstance of sale adjustment to normal value, increasing normal value by the same amount as the duty drawback adjustment. *Erdemir III*, 415 F. Supp. 3d at 1221. The court remanded the matter a third time for Commerce to recalculate normal value without making the circumstance of sale adjustment related to the duty drawback adjustment. *Id.* at 1232.

In the redetermination at issue here, Commerce has, under protest,[2] granted Çolakoğlu the duty drawback adjustment as requested in the underlying investigation and recalculated normal value to exclude the contested circumstance of sale adjustment. 3rd Remand Results at 1–2, 4. Commerce also made an upward adjustment to Çolakoğlu's cost of production pursuant to *Saha Thai Steel Pipe (Public) Co. v. United States*, 635 F.3d 1335, 1341–44 (Fed. Cir. 2011), to account for the implied cost of the unpaid duties for which Çolakoğlu remained liable until it satisfied the duty exemption program requirements. *Id.* at 4. The changes resulted in an estimated weighted-average dumping margin of zero percent for Çolakoğlu and, thus, Çolakoğlu will be excluded from the relevant antidumping duty order. *Id.* at 4–5.

Çolakoğlu and Defendant United States urge the court to sustain Commerce's 3rd Remand Results. Consol. Pls. [Çolakoğlu's] Cmts. on Remand Redetermination, ECF No. 150; Def.'s Resp. to Cmts. on Third Remand Redetermination, ECF No. 152. Defendant-Intervenors oppose the 3rd Remand Results. Def.-Ints.' Cmts. in Opp'n to

---

[2] By making the determination under protest, Commerce preserves its right to appeal. *See Meridian Prods. v. United States*, 890 F.3d 1272, 1276 n.3 (Fed. Cir. 2018) (citing *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003)).

Consol. Court No. 16-00218                                                                                      Page 5

the Commerce Dept's Third Remand Results ("Def.-Ints.' Cmts."), ECF No. 151.  For the reasons discussed herein, the court will sustain Commerce's 3rd Remand Results.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to subsection 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012), and 28 U.S.C. § 1581(c).

The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).  "The results of a redetermination pursuant to court remand are also reviewed for compliance with the court's remand order."  *SolarWorld Ams., Inc. v. United States*, 41 CIT ___, ___, 273 F. Supp. 3d 1314, 1317 (2017) (citation and internal quotation marks omitted).

### DISCUSSION

Defendant-Intervenors' opposition to the 3rd Remand Results consists solely of its disagreement with the court's opinions in this proceeding.  *See* Def.-Ints.' Cmts. at 4–5.  Defendant-Intervenors "continue to concur" with Commerce's initial decision to deny Çolakoğlu a duty drawback adjustment and opine that, in granting the adjustment, Commerce correctly limited Çolakoğlu's adjustment to U.S. price to an amount equal to the upward adjustment to the cost of production.  *Id.* at 5.  Defendant-Intervenors correctly recognize, however, that the court "will not re-visit these issues."  *Id*.

Commerce's redetermination complied with the court's order in *Erdemir III* by recalculating normal value to exclude the circumstance of sale adjustment related to the duty drawback adjustment to U.S. price.  *See* 3rd Remand Results at 4.  Commerce's

upward adjustment to the cost of production pursuant to *Saha Thai* is uncontested and otherwise lawful.  *See id.*

## CONCLUSION

In accordance with the foregoing, Commerce's 3rd Remand Results will be sustained.  Judgment will enter accordingly.

/s/     Mark A. Barnett<br>Mark A. Barnett, Judge

Dated: April 13, 2020
     New York, New York